**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL E. CLARK,

                 Plaintiff-Appellant,

v.

JOHN THOMAS,

                 Defendant-Appellee.

No.   14-16730

D.C. No.
2:09-cv-02272-JAD-GWF

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted December 8, 2017[**]

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Former Nevada state prisoner Michael E. Clark appeals pro se from the

district court's judgment following a jury trial in Clark's 42 U.S.C. § 1983 action

alleging that Correctional Officer John Thomas failed to protect Clark from assault

by another inmate. We have jurisdiction under 28 U.S.C. § 1291. We review for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

an abuse of discretion. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008) (evidentiary rulings); *Preminger v. Peake*, 552 F.3d 757, 768 n.10 (9th Cir. 2008) (discovery). We affirm.

The district court did not abuse its discretion in denying Clark's motions to compel the production of photographs and for sanctions because the record contains no evidence that the photographs existed. *See* Fed. R. Civ. P. 34(a)(1) (allowing discovery of items in a responding party's "possession, custody, or control"); *Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 415 (9th Cir. 1978) (concluding that the district court did not abuse its discretion by declining to impose sanctions for failure to produce records that no longer existed).

The district court did not abuse its discretion in denying on grounds of relevance Clark's requests to introduce into evidence his motion for discovery sanctions and to testify that he had seen the photographs because neither was relevant to the disputed issues at trial. *See* Fed. R. Evid. 401 (evidence is relevant if "it has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action"); Fed. R. Evid. 402 ("Irrelevant evidence is not admissible.").

We reject Clark's contention that the district court was biased against him. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("judicial rulings alone almost never constitute a valid basis for a bias or partiality motion").

We decline to consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Clark's "Special Request for the Clerk and this Court" seeking relief against the pro bono attorney appointed to represent him (Dkt. No. 39) is denied.

**AFFIRMED.**